LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

─────────────────────────────

JOSE DEL-ORDEN, on behalf of himself and
all others similarly situated,

                              Case No.:

      Plaintiff,                 **CLASS ACTION COMPLAINT**

          -against-

REEBOK INTERNATIONAL LTD.

      Defendant,

─────────────────────────────

Plaintiff, JOSE DEL-ORDEN (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorney, hereby files this Class Action Complaint against Defendant, REEBOK INTERNATIONAL LTD., and states as follows:

**<u>INTRODUCTION</u>**

1. This class action seeks to put an end to systemic civil rights violations committed by Defendant REEBOK INTERNATIONAL LTD. (hereafter collectively as "Reebok" or "Defendant"), against the blind in New York State and across the United States. Defendant is denying blind individuals throughout the United States equal access to the goods and services Reebok provides to its non-disabled customers through http://www.reebok.com/us (hereafter "Reebok.com" or "the website"). Reebok.com provides to the public a wide array of the

goods, services, price discounts, employment opportunities and other programs offered by Reebok. Yet, Reebok.com contains thousands of access barriers that make it difficult if not impossible for blind customers to use the website. In fact, the access barriers make it impossible for blind users to even complete a transaction on the website. Reebok thus excludes the blind from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind people to fully and independently access a variety of services, including online shopping.

2.      Plaintiff is a blind individual. He brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate a website that is fully accessible to, and independently usable by, blind people.

3.      Specifically, Reebok.com has many access barriers preventing blind people to independently navigate and complete a purchase using assistive computer technology.

4.      Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

5.      Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.[1] There are approximately 400,000 visually impaired persons in New York State.[2]

6.      Many blind people enjoy online shopping just as sighted people do. The lack of

---

[1] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports
[2] American Foundation for the Blind, State-Specific Statistical Information, January 2015

an accessible website means that blind people are excluded from the rapidly expanding self-service retail economy and from independently accessing this ever-popular website.

7.     Despite readily available accessible technology, such as the technology in use at other heavily trafficked retail websites, which makes use of alternative text, accessible forms, descriptive links, resizable text and limits the usage of tables and javascript, Reebok has chosen to rely on an exclusively visual interface, including drop down menus and checkboxes that are inaccessible.  Reebok's sighted customers can independently browse, select, and buy products online without the assistance of others. However, blind people must rely on sighted companions or strangers to assist them in accessing and buying goods on Reebok.com. Blind people must necessarily disclose personal information, including their credit card information, to these other individuals in order to complete transactions.

8.     By failing to make their website accessible to blind persons,  Reebok is violating basic equal access requirements under both state and federal law.

9.     Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons. Similarly, New York state law requires places of public accommodation to ensure access to goods, services and facilities by making reasonable accommodations for persons with disabilities.

10.     Defendant violated statutes enacted in each of the fifty states and the District of Columbia (hereafter, "Reebok States") that are designed to protect disabled persons, including

blind persons, against unlawful discriminatory practices.  These statutes are:

    *i.*    Alabama Handicapped Persons Act, Ala. Statues Ann. §§ 21-7-3, *et seq.*;

    *ii.*    Alaska Human Rights Law, Ak. Code § 18.80.230, *et seq.*;

    *iii.*    Arizona Arizonans with Disabilities Act, Arizona Revised Statutes, §§ 41-1492, *et seq.*;

    *iv.*    Arkansas Civil Rights Act, Ark. Code § 16-123-107, *et seq.*;

    *v.*    California Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.*, and California Disabled Persons Act, Cal. Civ. Code § 54, *et seq.*;

    *vi.*    Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-601, *et seq.*;

    *vii.*    Connecticut Human Rights and Opportunities Act, Conn. Gen. Stat § 46a-64, *et seq.*;

    *viii.*    Delaware Equal Accommodations Law, 6 Del. Code § 4504, *et seq.*;

    ix.    District of Columbia Human Rights Law, D.C. Code § 2-1402.31, *et seq.*;

    *x.*    Florida Civil Rights Act, Fla. Stat. Ann. § 760.08, *et seq.* and Fla. Stat. Ann. § 413.08, *et seq.*;

    *xi.*    Georgia Handicapped Persons Act, § 30-4-2 *et seq.*;

    *xii.*    Hawaii Civil Rights Act, Hawaii Revised Statues § 489-2, *et seq.*;

    *xiii.*    Idaho Human Rights Law, Idaho Code § 67-5909, *et seq.*;

    *xiv.*    Illinois Human Rights Act, 775 ILCS § 102/1, *et seq.*;

    *xv.*    Indiana Civil Rights Law, Indiana Code Ann. §§ 22-9-1-2, *et seq.*;

    *xvi.*    Iowa Civil Rights Act, Iowa Code §§ 216.7, *et seq.*;

    *xvii.*    Kansas Act against Discrimination, Kan. Stat. Ann §§ 44-1009, *et seq.*;

    *xviii.*    Kentucky Civil Rights Act, Ky. Rev. Stat. Ann. §§ 344.120, *et seq.*;

    *xix.*    Louisiana Commission on Human Rights, La. Rev. Stat. Ann. § § 51:2247, *et seq.*;

    *xx.*    Maine Human Rights Act, 5 Me. Rev. Stat. § 4592, *et seq.*;

    *xxi.*    Maryland Commission on Civil Rights, Md. Com. Law Code § 20-304, *et seq.*;

    *xxii.*    Massachusetts Public Accommodation Law, Mass. Gen. Laws c. 272, ch. 98, *et seq.*;

    *xxiii.*    Michigan Persons with Disabilities Civil Rights Act, § § 37.2302, *et seq.*;

    *xxiv.*    Minnesota Human Rights Act, Minn. Stat. § 363A.11, *et seq.*;

    *xxv.*    Mississippi Public Welfare Code, Miss. Code Ann. §§ 43-6-1, *et seq.*;

    *xxvi.*    Missouri Human Rights Act, Mo. Rev. Stat. § 213.065, *et seq.*;

    *xxvii.*    Montana Human Rights Act, Mont. Code § 49-2-304, *et seq.*;

    *xxviii.*    Nebraska Public Accommodations Law, Neb. Rev. Stat. § 20-139, *et seq.*;

    *xxix.*    Nevada Public Accommodations Law, Nev. Rev. Stat. §§ 651.070, *et seq.*;

    *xxx.*    New Hampshire Law Against Discrimination, N.H. Rev. Stat. § 354-A:17, *et seq.*;

    *xxxi.*    New Jersey Law Against Discrimination, N.J. Stat. Ann. §§ 10:1-12, *et seq.*;

    *xxxii.*    New Mexico Human Rights Act, N.M. Stat. Ann. §§ 28-1-7, *et seq.*;

    *xxxiii.*    New York State Human Rights Law, N.Y. Exec. Law, Art. 15, Exec. Law § 296, *et seq.*, and New York State Administrative Code § 8-101 *et seq.*;

    *xxxiv.*    North Carolina Persons with Disabilities Protection Act, North Carolina General Statutes §§ 168A-1, *et seq.*;

    *xxxv.*    North Dakota Human Rights Act, N.D. Cent. Code §§ 14-02.4-14, *et seq.*;

    *xxxvi.*    Ohio Civil Rights Commission, Ohio Rev. Code. Ann. §§ 4112.021. *et seq.*;

    *xxxvii.*    Oklahoma Anti-Discrimination Act, Okla. Stat. 25 § 1402, *et seq.*;

    *xxxviii.*    Oregon Equality Act, Rev. Stat § 659A.403, *et seq.*;

    *xxxix.*    Pennsylvania Human Relations Act, 43 Penn. Stat. Ann. § § 955, *et seq.*;

    *xl.*    Rhode Island Civil Rights of People with Disabilities Act, R.I. Gen. Laws § 42-87.1-3, *et seq.*;

    *xli.*    South Carolina Bill of Rights for Handicapped Persons, S.C. Code Laws § 43-33-510, *et seq.*;

xlii.    South Dakota Human Rights Law, S.D. Codified Laws §§ 20-13-23, *et seq.*;
xliii.   Tennessee Human Rights Act, Tennessee Code Annotated §§ 4-21-102, *et seq.*;
xliv.    Human Rights Commission of Austin, Texas, Code of the City of Austin, § 2-1-148, *et seq.*;
xlv.     Utah Civil Rights Act, Utah Code Ann. §§ 13-7-3, *et seq.*;
xlvi.    Vermont Anti-Discrimination Law, Vt. Stat. Ann. tit.9, § 4502, *et seq.*;
xlvii.   Virginia Human Rights Act, Virginia Code Ann. §§ 2.2-3901, *et seq.*;
xlviii.  Washington Law Against Discrimination, Wash. Rev, Code § 49.60.030, *et seq.*;
xlix.    West Virginia Human Rights Act, West Virginia Code § 5-11-2, *et seq.*;
l.       Wisconsin Equal Rights Program, Wis. Stat. §§ 106.52, *et seq.*;
li.      Wyoming Criminal Code, Wyoming Stat. Ann. § 6-9-101, *et seq.*

11.    Plaintiff browsed and intended to shop at Reebok.com. However, unless Defendant remedies the numerous access barriers on its website, Plaintiff and Class members will continue to be unable to independently navigate, browse, use and complete a transaction on Reebok.com.

12.    This complaint seeks declaratory and injunctive relief to correct Reebok's policies and practices to include measures necessary to ensure compliance with federal and state law and to include monitoring of such measures, to update and remove accessibility barriers on Reebok.com so that Plaintiff and the proposed Class and Subclass of customers who are blind will be able to independently and privately use Defendant's website. This complaint also seeks compensatory damages to compensate Class and Subclass members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction of this action pursuant to:

a.    28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA"); and

b.    28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative class is a citizen of a

different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

14.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq*.) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq*. ("City law").

15.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a).

16.     Defendant is registered to do business in New York State and has been doing business in New York State, including the Southern District of New York. Defendant maintains approximately four stores in New York State, all four of which are located in the Southern District of New York. They are subject to personal jurisdiction in this District. Defendant also has been and is committing the acts alleged herein in the Southern District of New York, has been and is violating the rights of consumers in the Southern District of New York, and has been and is causing injury to consumers in the Southern District of New York. A substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the Southern District of New York. Specifically, Plaintiff attempted to purchase items on Defendant's website Reebok.com in New York County.

## PARTIES

17.     Plaintiff, JOSE DEL-ORDEN, is and has been at all times material hereto a resident of Bronx County, New York.

18.     Plaintiff JOSE DEL-ORDEN is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28

CFR §§ 36.101 *et seq.*, the New York State Human Rights Law and the New York City Human Rights Law. Plaintiff DEL-ORDEN has no light perception and is completely blind. Plaintiff DEL-ORDEN cannot use a computer without the assistance of screen reader software. Plaintiff DEL-ORDEN has been denied the full enjoyment of the facilities, goods and services of Reebok.com, as well as to the facilities, goods and services of Reebok's retail stores, as a result of accessibility barriers on Reebok.com. Most recently in August 2015, Plaintiff DEL-ORDEN attempted to make a purchase on Reebok.com but could not browse or choose items to be added to his cart due to the inaccessibility of the website. The inaccessibility of Reebok.com has deterred him and Class members from shopping at Reebok stores.

19.     Defendant REEBOK INTERNATIONAL LTD. is an American for-profit corporation organized under the laws of Massachusetts, with a principal executive office at 1895 J.W. FOSTER BOULEVARD, CANTON, MASSACHUSETTS, 02021.

20.     Defendant REEBOK INTERNATIONAL LTD. is registered to do business in New York State.

21.     Defendant owns and operates retail stores (hereafter "Reebok Stores"), which are places of public accommodations. There are currently approximately 442 Reebok Stores worldwide, including four locations in New York State. These stores provide to the public important goods, such as clothing, exercise equipment, and accessories. Reebok also provides to the public a website service known as Reebok.com. Among other things, Reebok.com provides access to the array of goods and services offered to the public by Reebok, including special pricing offers and other benefits related to these goods and services. The inaccessibility of Reebok.com has deterred Plaintiff from shopping at Reebok.

22.     Plaintiff, on behalf of himself and others similarly situated seeks full and equal access to the goods and services provided by Reebok through Reebok.com.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff, on behalf of himself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access Reebok.com and as a result have been denied access to the enjoyment of goods and services offered in Reebok Stores, during the relevant statutory period."

24.     Plaintiff seeks certification of the following New York subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in New York State who have attempted to access Reebok.com and as a result have been denied access to the enjoyment of goods and services offered in Reebok Stores, during the relevant statutory period."

25.     There are hundreds of thousands of visually impaired persons in New York State. There are approximately 8.1 million people in the United States who are visually impaired. *Id.* Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

26.     This case arises out of Defendant's policy and practice of maintaining an inaccessible website denying blind persons access to the goods and services of Reebok.com and Reebok Stores. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse, select and shop on Reebok.com and by extension the goods and services offered through Defendant's website to Reebok Stores.

27.     There are common questions of law and fact common to the class, including without limitation, the following:

      a.     Whether Reebok.com is a "public accommodations" under the ADA;

      b.     Whether Reebok.com is a "place or provider of public accommodation" under the laws of the Reebok States;

      c.     Whether Defendant through their website Reebok.com denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA; and

      d.     Whether Defendant through their website Reebok.com denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the laws of the Reebok States.

28.     The claims of the named Plaintiff are typical of those of the class. The class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Reebok has violated the ADA, and/or the laws of the Reebok States by failing to update or remove access barriers on its website, Reebok.com, so it can be independently accessible to the class of people who are legally blind.

29.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to

the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

30.    Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

31.    Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

32.    References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

## FACTUAL ALLEGATIONS

33.    Reebok operates Reebok Stores, a chain of fitness apparel and equipment stores. The company currently operates approximately 422 stores worldwide.

34.    Reebok.com is a service and benefit offered by Reebok and Reebok Stores throughout the United States, including New York State. Reebok.com is owned, controlled and/or operated by Reebok.

35.    Reebok.com is a commercial website that offers products and services for online sale and home delivery that are available in Reebok retail stores. The online store allows the user to browse products, product descriptions and prices; view sale items and discounts for online shopping; redeem promo codes for use on Reebok.com; purchase items for home delivery; order gift cards; find retail store locations; and perform a variety of other functions.

36.     Among the features offered by Reebok.com are the following:

(a)     a store locator, allowing persons who wish to shop at a Reebok store to learn its location and phone number;

(b)     an online store, allowing customers to make a purchase and select for home delivery;

(c)     gift cards, which can be delivered within 5-12 business days, or in the alternative, be delivered instantly via email or SMS text;

(d)     information about Reebok's newsletter and other financial products and services offered by Reebok;

(e)     information about and membership to ReebokOne, Reebok's online fitness community with fitness videos, photos and interactive features;

(f)     information about Reebok's employment opportunities, investor information and company policies; and

(g)     sale of many of the products and services available at Reebok stores in New York State.

37.     This case arises out of Reebok's policy and practice of denying the blind access to Reebok.com, including the goods and services offered by Reebok stores through Reebok.com. Due to Reebok's failure and refusal to remove access barriers to Reebok.com, blind individuals have been and are being denied equal access to Reebok Stores, as well as to the numerous goods, services and benefits offered to the public through Reebok.com.

38.     Reebok denies the blind access to goods, services and information made available through Reebok.com by preventing them from freely navigating Reebok.com.

39.     The Internet has become a significant source of information for conducting business and for doing everyday activities such as shopping, banking, etc., for sighted and blind persons.

40.     The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet. Unless websites are designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products and services contained therein.

41.     There are well-established guidelines for making websites accessible to blind people. These guidelines have been in place for at least several years and have been followed successfully by other large business entities in making their websites accessible. The Web Accessibility Initiative (WAI), a project of the World Wide Web Consortium which is the leading standards organization of the Web, has developed guidelines for website accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including, but not limited to: adding invisible alt-text to graphics; ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible, and adding headings so that blind people can easily navigate the site. Without these very basic components a website will be inaccessible to a blind person using a screen reader.

42.     Reebok.com contains access barriers that prevent free and full use by blind persons using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: the lack of alt-text on graphics, inaccessible forms, the lack of adequate prompting and labeling; the denial of keyboard access; and the requirement that transactions be performed solely with a mouse.

43.     Alternative text ("Alt-text") is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that a screen reader can speak the alternative text while a sighted user sees the picture. Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse moves over the picture. There are many important pictures on Reebok.com that lack a text equivalent. The lack of Alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics. (Screen readers detect and vocalize Alt-text to provide a description of the image to a blind computer user.) As a result, blind Reebok customers are unable to determine what is on the website, browse the site, look for Reebok locations, investigate Reebok programs, specials and coupons, and/or make any purchases.

44.     Reebok.com also lacks prompting information and accommodations necessary to allow blind shoppers who use screen readers to locate and accurately fill-out online forms. On a shopping site such as Reebok.com, these forms include search fields to locate products, fields that specify the number of items desired, and fields used to fill-out personal information, including address and credit card information. Due to the lack of adequate labeling, blind customers cannot easily make purchases or inquiries as to Reebok products or programs, nor can they enter their personal identification and financial information with confidence and security.

13

45.     Similarly, Reebok.com lacks accessible forms including check boxes and drop-down menus. Check boxes and drop-down menus allow customers to locate and choose products as well as specify the size and quantity of certain items. Due to the complete lack of accessibility of these forms, blind customers cannot choose and purchase the products they want since they are stopped from doing so. In particular, because blind customers cannot specify and choose the size and quantity of their desired product, they are not allowed to add the item to their cart. As blind customers are prevented from adding items to their carts, they are essentially prevented from purchasing any item on Reebok.com which requires this information.

46.     Reebok.com requires the use of a mouse to complete a transaction. Yet, it is a fundamental tenet of web accessibility that for a web page to be accessible to blind people, it must be possible for the user to interact with the page using only the keyboard. Indeed, blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, Reebok.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies blind Reebok customers the ability to independently make purchases on Reebok.com.

47.     Due to Reebok.com's inaccessibility, blind Reebok customers must in turn spend time, energy, and/or money to make their purchases at a Reebok store. Some blind customers may require a driver to get to the store or require assistance in navigating the store. By contrast, if Reebok.com was accessible, a blind person could independently investigate products and programs and make purchases via the Internet as sighted individuals can and do.

48.     Reebok.com thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use Reebok.com and who would otherwise be able to fully and equally enjoy the benefits and services of Reebok stores in New York State.

14

49.     Plaintiff JOSE DEL-ORDEN has made numerous attempts to complete a purchase on Reebok.com, most recently in August 2015, but was unable to do so independently because of the many access barriers on Defendant's website, causing Reebok.com to be inaccessible and not independently usable by, blind and visually impaired individuals.

50.     As described above, Plaintiff has actual knowledge of the fact that Defendant's website, Reebok.com contains access barriers causing the website to be inaccessible, and not independently usable by, blind and visually impaired individuals.

51.     These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of Reebok.com and Reebok Stores.

52.     Reebok engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

    (a)     constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

    (b)     constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

    (c)     failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

53.     Reebok utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. §§ 12181, *et seq.* — Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff and the Class)

54.     Plaintiff    realleges    and    incorporates    by    reference    the    foregoing

15

allegations as if set forth fully herein.

55. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

56. Reebok Stores located in New York State and throughout the United States are sales establishments and public accommodations within the definition of 42 U.S.C. § 12181(7)(E). Reebok.com is a service, privilege or advantage of Reebok Stores. Reebok.com is a service that is by and integrated with these stores.

57. Defendant is subject to Title III of the ADA because it owns and operates Reebok Stores.

58. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

59. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

60. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful

discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

61.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

62.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

63.     The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Patrons of Reebok Stores who are blind have been denied full and equal access to Reebok.com, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are

inferior to the services provided to non-disabled patrons.

64.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

65.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Reebok.com and Reebok Stores in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

66.     Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

67.     The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

68.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

69.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Violation of New York State Human Rights Law, N.Y. Exec. Law,
Article 15 (Executive Law § 292 *et seq.*)
(on behalf of Plaintiff and New York subclass)

70.     Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

71.     N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory

practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation … because of the … disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

72.     Reebok Stores located in New York State and throughout the United States are sales establishments and public accommodations within the definition of N.Y. Exec. Law § 292(9). Reebok.com is a service, privilege or advantage of Reebok Stores. Reebok.com is a service that is by and integrated with these stores.

73.     Defendant is subject to New York Human Rights Law because it owns and operates the Reebok Stores and Reebok.com. Defendant is a person within the meaning of N.Y. Exec. Law § 292(1).

74.     Defendant is violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to Reebok.com, causing Reebok.com and the services integrated with Reebok Stores to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

75.     Specifically, under N.Y. Exec. Law § 296(2)(c)(I), unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

76.     In addition, under N.Y. Exec. Law § 296(2)(c)(II), unlawful discriminatory

practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

77.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

78.     Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exc. Law § 296(2) in that Defendant has:

(a)     constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(b)     constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

(c)     failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

79.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

80.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Reebok.com and Reebok Stores under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the subclass will continue to suffer irreparable harm.

81.     The actions of Defendant were and are in violation of New York State Human Rights Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

82.     Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exc. Law § 297(4)(c) *et seq.* for each and every offense.

83.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

84.     Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION

(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, *et seq.*)
(on behalf of Plaintiff and New York subclass)

85.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

86.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor,  manager, superintendent, agent or employee of any place or provider of public accommodation, because

of … disability … directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

87.     Reebok Stores located in New York State and throughout the United States are sales establishments and public accommodations within the definition of N.Y.C. Administrative Code § 8-102(9). Reebok.com is a service, privilege or advantage of Reebok Stores. Reebok.com is a service that is by and integrated with these stores.

88.     Defendant is subject to City Law because it owns and operates the Reebok Stores and Reebok.com. Defendant is a person within the meaning of N.Y.C. Administrative Code § 8-102(1).

89.     Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Reebok.com, causing Reebok.com and the services integrated with Reebok Stores to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public. Specifically, Defendant is required to "make reasonable accommodation to the needs of persons with disabilities … any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to … enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

90.     Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendant has:

         (d)     constructed and maintained a website that is inaccessible to blind class

members with knowledge of the discrimination; and/or

(e)   constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

(f)   failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

91.   Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

92.   As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Reebok.com and Reebok Stores under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the subclass will continue to suffer irreparable harm.

93.   The actions of Defendant were and are in violation of City law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

94.   Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

95.   Plaintiff is also entitled to reasonable attorneys' fees and costs.

96.   Pursuant to N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION

(Declaratory Relief)
(on behalf of Plaintiff and the Class)

97.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

98.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that Reebok.com contains access barriers denying blind customers the full and equal access to the goods, services and facilities of Reebok.com and by extension Reebok Stores, which Reebok owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*., N.Y. Exec. Law § 296, *et seq.,* and N.Y.C. Administrative Code § 8-107, *et seq.* prohibiting discrimination against the blind.

99.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

100.   A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of the Reebok States as referenced in paragraph 10;

101.   A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, Reebok.com, into full compliance with the requirements set forth

in the ADA, and its implementing regulations, so that Reebok.com is readily accessible to and usable by blind individuals;

102.    A declaration that Defendant owns, maintains and/or operates its website, Reebok.com, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of the Reebok States as referenced in paragraph 10;

103.    An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

104.    Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed subclass for violations of their civil rights under New York State Human Rights Law and City Law;

105.    Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

106.    For pre and post-judgment interest to the extent permitted by law; and

107.    Such other and further relief as the Court deems just and proper.


DATED: October 14, 2015                            LEE LITIGATION GROUP, PLLC
                                                   C.K. Lee (CL 4086)
                                                   Anne Seelig (AS 3976)
                                                   30 East 39th Street, Second Floor
                                                   New York, NY 10016
                                                   Tel.: 212-465-1188
                                                   Fax: 212-465-1181

                                                   By:    */s/ C.K. Lee*
                                                          C.K. Lee, Esq.