Sean J. Kirby
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
Facsimile:   (212) 653-8701
*Attorneys for Defendant Reebok International Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE DEL-ORDEN, on behalf of himself and all others similarly situated,<br><br>                                        Plaintiff,<br><br>                      v.<br><br>REEBOK INTERNATIONAL LTD.<br><br>                                        Defendant. | Case No. 1:15-cv-08101-PKC<br>ECF Case<br><br>Judge: Hon. P. Kevin Castel<br><br>Trial Date: None Set<br><br>*Document Filed Electronically* |

### ANSWER OF DEFENDANT REEBOK INTERNATIONAL LTD.

Defendant Reebok International Ltd., ("Defendant"), in answer to plaintiff Jose Del-Orden's ("Plaintiff") Complaint, admits, denies, and alleges as follows:

### INTRODUCTION

1. In response to Paragraph 1 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

2. In response to Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

3. In response to Paragraph 3 of the Complaint, Defendant denies each and every allegation.

4. In response to Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

5. In response to Paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

6. In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7. In response to Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8. In response to Paragraph 8 of the Complaint, Defendant denies each and every allegation.

9. In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10. In response to Paragraph 10 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

11. In response to Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

12. In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**JURISDICTION AND VENUE**

13. In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

14. In response to Paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

15. In response to Paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

16. In response to Paragraph 16 of the Complaint, Defendant admits only that it is registered and has been doing business in New York State, including the Southern District of New York. With respect to all other allegations contained herein, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation, and on that basis, denies them. Additionally, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## **PARTIES**

17. In response to Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

18. In response to Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

19. In response to Paragraph 19 of the Complaint, Defendant admits only that it is a corporation organized under the laws of Massachusetts, with a principal executive office at 1895 J.W. Foster Boulevard, Canton, Massachusetts, 02021. With respect to the remainder of the allegations in Paragraph 19, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

20. In response to Paragraph 20 of the Complaint, Defendant admits only that it is registered to do business in New York State. With respect to the remainder of the allegations in Paragraph 20, Defendant denies each and every other allegation.

21. In response to Paragraph 21 of the Complaint, Defendant admits only that it is a corporation organized under the laws of Massachusetts, with a principal executive office at 1895 J.W. Foster Boulevard, Canton, Massachusetts, 02021, and that it operates the website Reebok.com. With respect to the remainder of the allegations in Paragraph 21, Defendant denies each and every allegation.

22. In response to Paragraph 22 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## CLASS ACTION ALLEGATIONS

23. In response to Paragraph 23 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

24. In response to Paragraph 24 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

25. In response to Paragraph 25 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

26. In response to Paragraph 26 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

27. In response to Paragraph 27 of the Complaint, Defendant denies each and every allegation.

28. In response to Paragraph 28 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

29. In response to Paragraph 29 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

30. In response to Paragraph 30 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

31. In response to Paragraph 31 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

32. In response to Paragraph 32 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## FACTUAL ALLEGATIONS

33. In response to Paragraph 33 of the Complaint, Defendant admits only that it operates Reebok Stores, a chain of fitness apparel and equipment stores. Defendant denies each and every other allegation in Paragraph 32.

34. In response to Paragraph 34 of the Complaint, Defendant admits only that it owns, controls, and/or operates Reebok.com and that Reebok.com is accessible throughout the United States, including New York State. Defendant denies each and every other allegation in Paragraph 34.

35. In response to Paragraph 35 of the Complaint, Defendant admits Reebok.com allows users to browse products, product descriptions and prices; view sale items and discounts for online shopping; redeem promo codes for use on Reebok.com; purchase items for home delivery; order gift cards; and find retail stores locations. The remainder of the allegations in paragraph 35 contain legal conclusions and argument for which Defendant is not required to respond and, on that basis, Defendant denies each and every other allegation in Paragraph 35.

36. In response to Paragraph 36 of the Complaint, Defendant denies each and every allegation, except that it admits only that users of Reebok.com may browse products, product

descriptions and prices; view sale items and discounts for online shopping; redeem promo codes for use on Reebok.com; purchase items for home delivery; order gift cards; and find retail stores locations.  The remainder of the allegations in paragraph 36 contain legal conclusions and argument for which Defendant is not required to respond and, on that basis, Defendant denies each and every other allegation in Paragraph 36.

37. In response to Paragraph 37 of the Complaint, Defendant denies each and every allegation.

38. In response to Paragraph 38 of the Complaint, Defendant denies each and every allegation.

39. In response to Paragraph 39 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

40. In response to Paragraph 40 of the Complaint, Defendant denies each and every allegation.

41. In response to Paragraph 41 of the Complaint, Defendant denies each and every allegation.

42. In response to Paragraph 42 of the Complaint, Defendant denies each and every allegation.

43. In response to Paragraph 43 of the Complaint, Defendant denies each and every allegation.

44. In response to Paragraph 44 of the Complaint, Defendant denies each and every allegation.

45. In response to Paragraph 45 of the Complaint, Defendant denies each and every allegation.

46. In response to Paragraph 46 of the Complaint, Defendant denies each and every allegation.

47. In response to Paragraph 47 of the Complaint, Defendant denies each and every allegation.

48. In response to Paragraph 48 of the Complaint, Defendant denies each and every allegation.

49. In response to Paragraph 49 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

50. In response to Paragraph 50 of the Complaint, Defendant denies each and every allegation.

51. In response to Paragraph 51 of the Complaint, Defendant denies each and every allegation.

52. In response to Paragraph 52 of the Complaint, Defendant denies each and every allegation.

53. In response to Paragraph 53 of the Complaint, Defendant denies each and every allegation.

## **FIRST CAUSE OF ACTION**

(Violation of 42 U.S.C. §§ 12181, *et seq.* – Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff and the Class)

54. In response to Paragraph 54 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 53 of this Answer as set forth above.

55. In response to Paragraph 55 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

56. In response to Paragraph 56 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

57. In response to Paragraph 57 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

58. In response to Paragraph 58 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

59. In response to Paragraph 59 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

60. In response to Paragraph 60 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

61. In response to Paragraph 61 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

62. In response to Paragraph 62 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

63. In response to Paragraph 63 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

64. In response to Paragraph 64 of the Complaint, Defendant denies each and every allegation.

65. In response to Paragraph 65 of the Complaint, Defendant denies each and every allegation.

66. In response to Paragraph 66 of the Complaint, Defendant denies each and every allegation.

67. In response to Paragraph 67 of the Complaint, Defendant denies each and every allegation.

68. In response to Paragraph 68 of the Complaint, Defendant denies each and every allegation.

69. In response to Paragraph 69 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## SECOND CAUSE OF ACTION

(Violation of New York State Human Rights Law, N.Y. Exec. Law,
Article 15 (Executive Law § 292 *et seq.*)
(on behalf of Plaintiff and New York subclass)

70. In response to Paragraph 70 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 69 of this Answer as set forth above.

71. In response to Paragraph 71 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

72. In response to Paragraph 72 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

73. In response to Paragraph 73 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

74. In response to Paragraph 74 of the Complaint, Defendant denies each and every allegation.

75. In response to Paragraph 75 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

76. In response to Paragraph 76 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

77. In response to Paragraph 77 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

78. In response to Paragraph 78 of the Complaint, Defendant denies each and every allegation.

79. In response to Paragraph 79 of the Complaint, Defendant denies each and every allegation.

80. In response to Paragraph 80 of the Complaint, Defendant denies each and every allegation.

81. In response to Paragraph 81 of the Complaint, Defendant denies each and every allegation.

82. In response to Paragraph 82 of the Complaint, Defendant denies each and every allegation.

83. In response to Paragraph 83 of the Complaint, Defendant denies each and every allegation.

84. In response to Paragraph 84 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

### THIRD CAUSE OF ACTION

(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, *et seq.*)
(on behalf of

85. In response to Paragraph 85 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 84 of this Answer as set forth above.

86. In response to Paragraph 86 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

87. In response to Paragraph 87 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

88. In response to Paragraph 88 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

89. In response to Paragraph 89 of the Complaint, Defendant denies each and every allegation.

90. In response to Paragraph 90 of the Complaint, Defendant denies each and every allegation.

91. In response to Paragraph 91 of the Complaint, Defendant denies each and every allegation.

92. In response to Paragraph 92 of the Complaint, Defendant denies each and every allegation.

93. In response to Paragraph 93 of the Complaint, Defendant denies each and every allegation.

94. In response to Paragraph 94 of the Complaint, Defendant denies each and every allegation.

95. In response to Paragraph 95 of the Complaint, Defendant denies each and every allegation.

96. In response to Paragraph 96 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## FOURTH CAUSE OF ACTION

(Declaratory Relief)
(on behalf of Plaintiff and the Class)

97.     In response to Paragraph 97 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 96 of this Answer as set forth above.

98.     In response to Paragraph 98 of the Complaint, Defendant denies each and every allegation.

99.     In response to Paragraph 99 of the Complaint, Defendant denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's causes of actions and claims.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1.     Plaintiff lacks standing to pursue his alleged claims.  To show standing, "a plaintiff has the burden of proving:  (1) that he or she suffered an 'injury in fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Here, Plaintiff lacks standing to pursue his alleged claims because, among other reasons, he is not a bona fide patron, he never attempted to access Defendant's website, and/or he does not intend to access Defendant's website in the future.  Indeed, Plaintiff does not even alleged that he attempted to access Defendant's website on a particular date or explain what problems he allegedly encountered.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. Plaintiff's claims are barred to the extent they are based on visits to the subject website beyond the Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim)

3. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

### FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

4. The alleged barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint do not comply with applicable access standards, if any applicable standards exist, Defendant's website nonetheless provided effective access to Plaintiff because any alleged noncompliance as alleged in the Complaint was *de minimis*, the website was usable and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access Defendant's website.

### FIFTH AFFIRMATIVE DEFENSE

(Defendant Provided Services Via Alternative Methods)

5. Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods but Plaintiff never asked for or sought any assistance.

## SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

6. Plaintiff's claims are barred under the doctrine of unclean hands since Plaintiff is not a bona fide patron, but a serial plaintiff who filed this lawsuit to try to extort a monetary settlement.

## SEVENTH AFFIRMATIVE DEFENSE

(Technically Infeasible)

7. Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, does not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

## EIGHTH AFFIRMATIVE DEFENSE

(Undue Burden)

8. Insofar as Defendant has not made changes to its website, which Plaintiff contends should have been made as alleged in the Complaint, those changes were and are not required under federal, California, or New York law, and any requirements to make those changes would impose an undue burden on Defendant.

## NINTH AFFIRMATIVE DEFENSE

(Reasonable Modifications to Policies, Practices and Procedures)

9. Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability but Plaintiff never asked for or sought assistance.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

10.     Plaintiff failed to properly mitigate his alleged damages and is purposefully accessing or alleging to be deterred from accessing Defendant's website in order to improperly stack his damages and therefore is precluded from recovering those alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(Fundamental Alteration)

11.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the barriers alleged in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

## TWELFTH AFFIRMATIVE DEFENSE

(Removal of Access Barriers Was Not Readily Achievable)

12.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Legitimate Business Justifications)

13.     The Complaint, and each and every purported claim alleged therein, are barred because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

14. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Mootness)

15. Plaintiff's claims are barred under the doctrine of mootness because Defendant's website complies with all applicable standards, if any exist, and/or , the website is usable and accessible to persons with a vision disability, including Plaintiff, and/or Plaintiff is able to use and access Defendant's website.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

16. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Claims Subject to Arbitration)

17. Each of Plaintiff's claims are subject to a mandatory and binding arbitration provision set forth in Defendant's terms and conditions. Plaintiff agreed to abide by Defendant's terms and conditions, including the mandatory arbitration provision, when he utilized Defendant's services.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Forum Non Conveniens)

18.     Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been filed in an inconvenient forum or *forum non conveniens*.

## NINETEENTH AFFIRMATIVE DEFENSE

(Improper Venue)

19.     Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been filed an improper venue.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.     That Plaintiff take nothing by way of his Complaint;

3.     That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4.     For such further and other relief as the Court may deem just and proper.

Dated:  November 13, 2015

By:    *s/ Sean J. Kirby*
    JONATHAN STOLER
    jstoler@sheppardmullin.com
    SEAN KIRBY
    skirby@sheppardmullin.com
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    30 Rockefeller Plaza
    New York, NY 10112
    Telephone: 212.653.8700
    Facsimile: 212.653.8701

    -and-

    GREGORY F. HURLEY
    ghurley@sheppardmullin.com
    *Pro Hac Vice Pending*
    BRADLEY J. LEIMKUHLER
    bleimkuhler@sheppardmullin.com
    *Pro Hac Vice Pending*
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    650 Town Center Drive, Fourth Floor
    Costa Mesa, California 92626
    Telephone: 714.513.5100
    Facsimile: 714.513.5130

    *Attorneys for Defendant Reebok International, Ltd.*

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury.

Dated:  November 13, 2015

By: *s/ Sean J. Kirby*
JONATHAN STOLER
jstoler@sheppardmullin.com
SEAN KIRBY
skirby@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: 212.653.8700
Facsimile: 212.653.8701

-and-

GREGORY F. HURLEY
ghurley@sheppardmullin.com
*Pro Hac Vice Pending*
BRADLEY J. LEIMKUHLER
bleimkuhler@sheppardmullin.com
*Pro Hac Vice Pending*
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, Fourth Floor
Costa Mesa, California 92626
Telephone: 714.513.5100
Facsimile: 714.513.5130

*Attorneys for Defendant Reebok International Ltd.*